UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16cr15 |
| | ) | |
| ERICA SMITH, | ) | Sentencing Date: May 5, 2016 |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S POSITION ON SENTENCING

The United States of America, through the undersigned attorneys, respectfully submits this Position on Sentencing in this case. The United States concurs with the findings of the Presentence Investigation Report (PSR), and it further concurs that the Defendant's applicable Sentencing Guidelines range is 0-6 months with a Criminal History Category of I.

**I.  INTRODUCTION**

This case involves an employee of the Navy Exchange abusing her position of trust and brazenly stealing from her employer. On at least six occasions in April 2014 and May 2014, the defendant unlawfully provided Navy Exchange merchandise to an unindicted co-conspirator without charging her for the items. The merchandise included clothes and electronic equipment, including several Apple Macbook computers. The defendant stole at least $8,590.50 worth of merchandise from her employer, although she told investigators that, in her estimation, she stole a greater amount of merchandise. The defendant received cash payments from an unindicted co-conspirator in exchange for providing the merchandise free of charge.

## II. PROCEDURAL HISTORY

On January 26, 2016, the United States Attorney's Office for the Eastern District of Virginia filed a one count criminal information, charging the Defendant with theft of government property in violation of 18 U.S.C. § 641. On February 5, 2016, the Defendant pleaded guilty to the charged offense.

## III. ARGUMENT

### A. Loss Amount

The United States and Defendant have agreed to a loss amount of $8,590.50 in this case. The United States notes the Probation Office's independent investigation revealed a total loss amount of approximately $22,688.50. The United States recognizes that the defendant provided statements to law enforcements agents in which she spoke of giving away more merchandise than is noted in the Statement of Facts. The government has been able to corroborate through video surveillance and a review of Navy Exchange receipts that the defendant stole at least $8,590.50 from her employer. The investigation as a whole indicated that the defendant likely stole more than $8,590.50 from her employer, but also indicated that the defendant overestimated the value of the merchandise she stole from her employer. The agreed loss amount $8,590.50 represents the value of items that the defendant confessed to stealing whose thefts were corroborated through subsequent investigative action.

### B. Sentencing Range

Based on the foregoing, Defendant's PSR Total Offense Level is 6, and her Criminal History Category is I. As a result, his sentencing guideline range is 0-6 months.

    **D.**    <u>**A Sentence of 0-6 Months of Imprisonment is Appropriate, Considering the Advisory Nature of the Guidelines and the 18 U.S.C. § 3553(a) Factors.**</u>

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court made clear that sentencing courts should consult [the Sentencing] Guidelines and take them into account when sentencing." 543 U.S. at 264; *see also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities." *Booker,* 543 U.S. at 264 (quoting 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B); *Biheiri*, 356 F.Supp.2d at 594.

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the

public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

1. *Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote the Respect for Law, and to Provide Just Punishment for the Offense (Section 3553(a)(2)(A))*

A sentence of 0 to 6 months of imprisonment is necessary to reflect the seriousness of the Defendant's crimes, to provide just punishment for that crime and to promote respect for the law. The sentence in this case should reflect that the Defendant stole from her employer, the Navy Exchange, which resulted in a loss of $8,590.50

2. *Need to Afford Adequate Deterrence and Protect Public from Further Crimes (Section 3553(a)(2)(B)-(C))*

Imposing a sentence of 0 to 6 months of imprisonment for the Defendant would serve the important purpose of deterring future individuals within the district and beyond from engaging in similar misconduct. General deterrence has its greatest impact in white-collar cases, like this one, because these crimes are committed in a more rational and calculated manner than sudden crimes of passion or opportunity. *United States v. Peppel*, 707 F.3d 627, 637 (6th Cir. 2013) (quoting *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006)).

3. *Avoiding Unwarranted Sentence Disparities (Section 3553(a)(6))*

This Defendant is the only defendant to enter a guilty plea in this case. A sentence of 0-6 months of imprisonment is in keeping with sentences imposed against similarly situated defendants who have been prosecuted in this District. *See, United States v. Graham*, 2:15cr70.

4. *Need to Provide Restitution (Section 3553(a)(7))*

Restitution is mandatory in this case. The Defendant is required to enter a Restitution Judgment to the Navy Exchange, 1170 Amphibious Drive, Norfolk, Virginia, in the amount of $8,590.50.

5. *The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant (Section 3553(a)(1))*

The government has previously addressed the nature and circumstances of the offense. Defendant was employed as a cashier at the Navy Exchange. She was entrusted with working a cash register and properly facilitating the sale of merchandise. The Defendant has no significant criminal history.

## IV. CONCLUSION

Based on the foregoing, the United States requests that this Court impose a term of imprisonment of 6 months or less or a period of supervised probation.

Respectfully submitted,

DANA BOENTE
UNITED STATES ATTORNEY

By:       /s/
Alyssa Nichol
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone: (757) 441-3554
Facsimile: (757) 441-3205
E-mail: Alyssa.Nichol@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of April, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Richard Joseph Colgan
Attorney for Defendant
Office of the Federal Public Defender
150 Boush St
Suite 403
Norfolk, VA 23510
Telephone: (757) 457-0800
Email: richard_colgan@fd.org

                                                /s/
                                       Alyssa Nichol
                                       Assistant United States Attorney
                                       Attorney for the United States
                                       United States Attorney's Office
                                       101 West Main Street, Suite 8000
                                       Norfolk, Virginia 23510
                                       Telephone: (757) 441-3554
                                       Facsimile: (757) 441-3205
                                       E-mail: Alyssa.Nichol@usdoj.gov