**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Docket No. 2:16cr15** |
| | ) | |
| **ERICA SMITH** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

The Defendant, Erica Smith by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the Sentencing Guidelines and Policy Statements, as well as this Court's sentencing Order, hereby represents that she has reviewed the Probation Office's Pre-Sentence Report. She has no objections to the report.

## THE SENTENCE REQUESTED

Ms. Smith stole government property in her capacity as a teller at the Navy Exchange. Her offense was completely out of character with her prior history and appears to have corresponded with a period of depression brought on by marital difficulties and the extraordinary personal obligation of caring for her younger brother. She is working extremely hard, holding down full time employment and a full course load in college. She is expecting to graduate with her pharmacy tech certificate on May 14, 2016, just one week after she is sentenced. She asks that the Court sentence her to a term of probation. As the trial judge reminded the defendant in *Gall*:

> probation, rather than "an act of leniency," is a "substantial restriction of freedom... "[the defendant] will have to comply with strict reporting conditions along with a three-year regime of alcohol and drug testing. He will not be able to change or make decisions about significant circumstances in his life, such as where to live or work, which are prized

1

liberty interests, without first seeking authorization from his Probation Officer or, perhaps, even the Court. Of course, the Defendant always faces the harsh consequences that await if he violates the conditions of his probationary term." *Id.,* at 125.

*Gall v. U.S.* 128 S.Ct. 586, 593 (U.S.,2007).

## **MS. SMITH'S HISTORY AND CHARACTERISTICS**

Ms. Smith is 28 years of age. She and her four siblings were raised in Alabama by her mother. She is not close with her father, and the family did not receive any support from the male "father" figures in their lives. Although the family had food and shelter, Ms. Smith's youth was disadvantaged. She recalls that the family received various forms of government benefits to stave off poverty. Although not the oldest child, Erica was the oldest child in the household for much of her youth.

Erica's brother Jeremy has extremely serious mental health issues, (at various times diagnosed with schizophrenia and bipolar disorder), and has suffered with these problems since he was very young. In 1998, Ms. Smith's mother herself became physically disabled. Over time, she lost the ability to manage the care of the other children, especially with Jeremy's needs. Erica took on more and more of her mother's duties. Then, in 2013, Erica's mother sent Erica's 15 year old brother, Malik, to live with Ms. Smith in this area. Ever a good daughter and sibling, Ms. Smith took Malik under her wing, though she was experiencing her own challenges at the time.

In 2013, Ms. Smith began to experience difficulties in her marriage, which are detailed in the pre-sentence report. At the height of the pressures of her crumbling marriage and the increased responsibilities of caring for her younger brother, Ms. Smith committed the instant offense. Ms. Smith has cooperated with law enforcement ever since her arrest, and is greatly

ashamed of her actions. She has been diagnosed with depression and is currently in treatment, attending sessions weekly.

Ms. Smith is a high school graduate and has earned a substantial number of college credits. She is currently enrolled in the pharmacy technician program at Tidewater Community College. She is currently enrolled full time and expects to graduate with her certificate on May 14, 2016, provided, of course, she receives passing grades in her current courses.[2] Her last day of classes is May 10, 2016.

Erica has always worked hard. She currently holds two jobs, but works primarily at Verizon Wireless as a sales associate. Prior to that, she worked as a security guard for a year and, before that, at the exchange for over a year and a half. Before that, she worked in North Carolina at the Dollar Tree as a stocker and sales associate, and at a McDonalds restaurant.

This Court has on prior occasions considered a defendant's mental health issues in mitigation of the particular offense. In U. S. v. Garceau, 2:07cr213, the Court imposed a sentence of probation in a case of social security fraud involving a young mother with both mental health and substance abuse issues. The amount of the loss in that case was more than $20,000. And even in the absence of such mental health issues, the Court has imposed sentences of probation in these kinds of cases. In U.S. v. Graham, 2:15CR70, the Court imposed a sentence of probation in a case involving a theft by an assistant store manager from a McDonalds located on the Naval Base. The amount of the loss was slightly less than in the instant case. The defendant was a 29 year old man in criminal history category I.

---

[2] Attached hereto are copies of email correspondence to Ms. Smith documenting her student status and pending graduation.

## THE STATUTORY FRAMEWORK

The overriding principle and basic mandate of 3553(a) requires district courts to impose a sentence sufficient, but not greater than necessary, to comply with the four purposes of sentencing set forth in Section 3553(a)(2): retribution ("to reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment"), deterrence, incapacitation ("to protect the public from further crimes"), and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). The sufficient-but-not-greater-than-necessary requirement is not just another factor to be considered along with the others set forth in § 3553(a), but instead, sets an independent limit on the sentence.

When imposing a sentence, none of the sentencing factors are to be given greater weight than the other factors. The law must "tak[e] into account the real conduct and circumstances involved in sentencing," as well as the defendant's personal history and characteristics. *See Gall v. United States*, 552 U.S. 38, 54 (2007); *see also* 18 U.S.C. § 3553(a)(1). Additionally, the Court is to consider the kinds of sentences available, the guideline range, the need to avoid unwarranted sentencing disparities, and the need for restitution.

## SUFFICIENT BUT NOT GREATER THAN NECESSARY

The guideline range in this case is 0-6 months. A sentence of probation with conditions that include restitution, mental health treatment, continued employment and/or college attendance will satisfy the purposes of sentencing. It will also hasten the day when restitution is complete. Mr. Smith has been cooperative with the investigation and all Court ordered conditions of release. She is an ideal candidate for supervision.

**CONCLUSION**

Ms. Smith stole money from the exchange at a time when the stresses of her life, a crumbling marriage, and the burdens of being a mother to her younger brother overwhelmed her better judgment. All of the evidence indicates that Mr. Smith is highly unlikely to ever to commit another crime. A sentence of probation will be sufficient to carry out the purposes of sentencing.

    Respectfully submitted,

    ERICA SMITH

    By:
    _____/s/_____
    Richard Colgan
    Virginia State Bar No. 19635
    Assistant Federal Public Defender
    Attorney for Defendant Erica Smith
    150 Boush Street, Suite 403
    Norfolk, Virginia 23510
    Telephone: 757-457-0808
    Facsimile: 757-457-0880
    Email: Richard_Colgan@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of May, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Alyssa Nichol
Special Assistant United States Attorney
Office of the United States Attorney
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510


And I hereby certify that I have mailed the document by electronic mail to the following non-filing user:

Leah D. Greathouse
U.S. Probation Officer
U.S. Probation Office
8600 Granby Street, Suite 230
Norfolk, Virginia 23510


                                                  /s/
Richard Colgan
Virginia State Bar No. 19635
Assistant Federal Public Defender
Attorney for Defendant Erica Smith
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0808
Facsimile: 757-457-0880
Email: Richard_Colgan@fd.org